Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000010
08-DEC-2016
12:30 PM

NO. CAAP-16-0000010

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
NIKKI MELOCHE, also known as
Nikki D. Meloche and Nikki Diane Meloche,
Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTC-15-075484)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Foley and Reifurth, JJ.)

Defendant-Appellant Nikki Meloche, also known as Nikki D. Meloche and Nikki Diane Meloche, appeals from a Notice of Entry of Judgment and/or Order and Plea/Judgment[1] in Case No. 1DTC-15-075484, filed in the District Court of the First Circuit, Honolulu Division ("District Court"), on December 10, 2015. The District Court convicted Meloche of one count of Accidents Involving Damage to Vehicle or Property, in violation of Hawaii Revised Statutes ("HRS") section 291C-13.[2]

---

[1]    The Honorable James H. Ashford presided.

[2]    HRS § 291C-13 (Supp. 2014) provides, in relevant part:

        The driver of any vehicle involved in an accident
        resulting only in damage to a vehicle or other property that

Meloche argues that the District Court wrongly convicted her based on insufficient evidence. Specifically, she maintains that the court abused its discretion in finding her testimony—that she made two hotel stops before arriving at the Sheraton Waikiki Hotel (the "Sheraton") and observed no marks on the vehicle driven by the complaining witness ("CW")—to be not credible; and based on that credibility determination, unreasonably concluded—contrary to Meloche's testimony—that she did not stop on Punahou Street after the accident.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Meloche's points of error as follows, and affirm.

On appeal, the evidence is reviewed in the light most favorable to the prosecution. *State v. Matavale*, 115 Hawai'i 149, 157, 166 P.3d 322, 330 (2007) (quoting *State v. Batson*, 73 Haw. 236, 248, 831 P.2d 924, 931 (1992)). "The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact." *Id.* at 157-58, 166 P.3d at 330-31 (quoting *Batson*, 73 Haw. at 248, 831 P.2d at 931). "Substantial evidence as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." *State v. Tarape*, 107 Hawai'i 519, 523, 115 P.3d 698, 702 (App. 2005) (quoting *State v. Richie*, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998)) (internal quotation marks omitted).

"[A]s trier of fact, the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence." *Matavale*, 115 Hawai'i at 158, 166 P.3d at 331 (quoting *Batson*, 73 Haw. at 249,

is driven or attended by any person shall immediately stop such vehicle at the scene of the accident or as close thereto as possible, but shall forthwith return to, and in every event shall remain at, the scene of the accident until the driver has fulfilled the requirements of section 291C-14.

831 P.2d at 931). It is well-settled that "[t]he appellate court will neither reconcile conflicting evidence nor interfere with the decision of the trier of fact based on the witnesses' credibility or the weight of the evidence." *State v. Mitchell*, 94 Hawai'i 388, 393, 15 P.3d 314, 319 (App. 2000) (citing *State v. Gabrillo*, 10 Haw. App. 448, 457, 887 P.2d 891, 895 (1994)).

Construing the evidence in the light most favorable to the State, as we must, there was substantial evidence that Meloche violated HRS section 291C-13. It is undisputed that CW's vehicle and Meloche's vehicle collided at the intersection of Nehoa Street and Punahou Street. CW testified that she was unable to pull over on Punahou Street right after the accident and continued driving mauka on Punahou Street until she reached Lanihuli Street and found a place to park and briefly assess the damage to her car, before circling back. She knew she had to "hurry back down." When she returned to the scene, Meloche's vehicle was not there. CW proceeded makai down Punahou Street, where she spotted Meloche's vehicle ahead of her. At that point, "way under ten minutes" had elapsed since the accident. CW followed Meloche's vehicle to the Sheraton, where it stopped to drop off passengers and where CW got out of her car and approached Meloche.

Although Meloche testified to the contrary as to some issues and stated explicitly that she had pulled over on Punahou Street for about ten minutes to assess damage and wait to see if the other car would return, the District Court concluded that it believed the CW, and thus disbelieved Meloche as to the central issue of pulling over and fulfilling the requirements of HRS section 291C-14. We are not in a position to second guess the District Court's determinations regarding conflicting evidence or witness credibility. Based on CW's testimony, which the District Court credited, there was substantial evidence to support the conclusion that Meloche intentionally, knowingly, or recklessly failed to immediately stop at the scene of the accident or as close thereto as possible.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed in the

District Court of the First Circuit, Honolulu Division, on December 10, 2015, is affirmed.

DATED:   Honolulu, Hawai'i, December 8, 2016.

On the briefs:

Hayley Y.C. Cheng,
Deputy Public Defender,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge